**FILED**
JAN 3 1 2008 NB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08CR 0088 |
| | ) | Violations: Title 18, United States Code, |
| v. | ) | Sections 201(b)(2), 1028(a)(1), 1028(a)(2), |
| | ) | 1030(a)(2)(B), 1519, 2071(b) and 2. |
| THOMAS P. RANDELL | ) | **UNDER SEAL** |

JUDGE ANDERSEN

MAGISTRATE JUDGE KEYS

## COUNT ONE

The SPECIAL AUGUST 2006-2 GRAND JURY charges:

1. At times material to this indictment:

   (a) The United States Immigration and Naturalization Service ("INS") (and, after on or about March 1, 2003, the Department of Homeland Security ("DHS")), was an agency of the United States Department of Justice which enforced laws regulating the admission of foreign born persons to the United States and administered immigration benefits. INS and DHS issued legal permanent residency status to qualified petitioners and administered the citizenship application process.

   (b) Defendant THOMAS P. RANDELL, beginning in approximately September, 2000, was an INS and, subsequently, a DHS, Immigration and Customs Enforcement ("ICE"), Deportation Officer, within the office of Detention and Removal Operations, assigned to the INS/DHS facility located at 10 West Jackson in Chicago, Illinois. In that capacity, he was responsible for the oversight and management of cases involving deportable aliens, from the point of initial apprehension through the completion of their deportation proceedings, and the alien's physical removal from the United States, including making custody recommendations and supervising aliens released on bond, on their own recognizance, or on an Order of Supervision. RANDELL was also responsible for supervising "non-detained deportees." In his capacity as a Deportation Officer, RANDELL would meet periodically with those "non-detained deportees" assigned to him as a requirement of their

supervised release.

(c) As a Deportation Officer, RANDELL was required to document the progress and status of cases by completing appropriate paperwork, such as Warrants of Arrest, Warrants of Deportation, Breaches of Bond, Demands of Surrender, Notices of Excludable Alien, and other documentation for inclusion in the alien's master file, the so-called "A File." The "A File" was the single, comprehensive repository within the INS/DHS for any and all original documents submitted by, or on behalf of, an alien as well as for all pertinent documents generated by the INS/DHS, the Executive Office for Immigration Review, and other law enforcement agencies. The information contained in "A Files" was entered into INS/DHS electronic databases on a very limited basis. Therefore, the safeguarding of these files was critical to the adjudication of matters involving the alien, and any alteration, destruction, or falsification of documents within these files would severely impede and obstruct the proper administration of the alien's case by the INS/DHS.

(d) In or about early 2003, but not before February 4, 2003, defendant THOMAS P. RANDELL, obtained the INS/DHS "A Files" for Individual A and Individual B from an official INS/DHS repository for files.

2. In or about early 2003, but not before February 4, 2003, the exact date being unknown to the grand jury, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

THOMAS P. RANDELL,

defendant herein, being a public official, namely, a Deportation Officer for INS/DHS, directly and indirectly, corruptly demanded, sought, received, and accepted and agreed to receive and accept from Individual A and Individual B, something of value personally, namely, approximately $3,000 in United States currency, in return for being influenced to commit and aid in committing, and

colluding in, a fraud and allowing a fraud, and making opportunity for the commission of a fraud on the United States, and being induced to do an act in violation of his official duty, namely: shredding and causing to be shredded the official INS/DHS "A Files" for Individual A and Individual B;

In violation of Title 18, United States Code, Sections 201(b)(2)(B) and (C).

## COUNT TWO

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1. Paragraph 1 of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2. In or about early 2003, but not before February 4, 2003, the exact date being unknown to the grand jury, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

THOMAS P. RANDELL,

defendant herein, together with Individual A and Individual B, knowingly altered, destroyed, and mutilated, and attempted to alter, destroy, and mutilate, a record, document and tangible object, namely the official INS/DHS "A Files" for Individual A and Individual B, with the intent to impede, obstruct and influence the proper administration of a matter within the jurisdiction of a department or agency of the United States, that is, the responsibility of the INS/DHS to administer and enforce the immigration laws of the United States;

In violation of Title 18, United States Code, Sections 1519 and 2.

## **COUNT THREE**

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1. Paragraph 1 of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2. In or about early 2003, but not before February 4, 2003, the exact date being unknown to the grand jury, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

THOMAS P. RANDELL,

defendant herein, having custody of records, documents, papers, and other things, filed or deposited in a public office, and with a public officer of the United States, did willfully and unlawfully conceal, remove, mutilate, obliterate, and destroy, and attempt to conceal, remove, mutilate, obliterate, and destroy, such a record, document, paper, or other thing, namely, the official INS/DHS "A files" for Individual A and Individual B;

In violation of Title 18, United States Code, Sections 2071(b).

## COUNT FOUR

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1. At times material to this indictment:

(a) The United States Immigration and Naturalization Service ("INS") (and, after on or about March 1, 2003, the Department of Homeland Security ("DHS")), was an agency of the United States Department of Justice which enforced laws regulating the admission of foreign born persons to the United States and administered immigration benefits. INS and DHS issued legal permanent residency status to qualified petitioners and administered the citizenship application process.

(b) Defendant THOMAS P. RANDELL, beginning in approximately September, 2000, was an INS and, subsequently, a DHS, Immigration and Customs Enforcement ("ICE"), Deportation Officer, within the office of Detention and Removal Operations, assigned to the INS/DHS facility located at 10 West Jackson in Chicago, Illinois. In that capacity, he was responsible for the oversight and management of cases involving deportable aliens, from the point of initial apprehension through the completion of their deportation proceedings, and the alien's physical removal from the United States, including making custody recommendations and supervising aliens released on bond, on their own recognizance, or on an Order of Supervision. RANDELL was also responsible for supervising "non-detained deportees." In his capacity as a Deportation Officer, RANDELL would meet periodically with those "non-detained deportees" assigned to him as a requirement of their supervised release.

(c) In order for an alien who was not a citizen of the United States to legally reside permanently in the United States, the alien needed to become a legal permanent resident. Legal permanent residency status was highly sought after by aliens in the United States. An alien who

acquired legal permanent residency status was entitled to work in the United States, to leave from and return to the United States, and to apply to become a citizen through the naturalization process.

(d) Legal Permanent Residents are allowed to live permanently in the United States provided that they do not commit any actions that would make them deportable under the Immigration and Nationality Act (INA), Title 8, United States Code, Section 1227(a). Criminal violations such as illicit trafficking in a controlled substance are classified under the INA as aggravated felonies, and would render a Legal Permanent Resident deportable. Also, a person who has been an addict or drug abuser at any time since admission into the United States is deportable under the INA.

(e) An Alien Registration Card, DHS Form I-551, commonly known as a "Green Card," was issued to all aliens who were granted Lawful Permanent Resident status. Lawful Permanent Residents were issued a Green Card, valid for 10 years, and were instructed to apply for the issuance of a renewed card within six months of their Green Card's expiration date. If a Lawful Permanent Resident applied for, but had not received, a renewed card prior to the expiration date, the Lawful Permanent Resident could report to the Bureau of Citizenship and Immigration Services, a Bureau within DHS, and have an Alien Documentation Identification and Telecommunication (ADIT) stamp, placed in his/her passport. This stamp indicated that the alien had been granted Legal Permanent Resident status and provided temporary evidence of the alien's lawful admission to the United States. The stamp in the passport functioned as the Alien Registration Receipt Card until the actual card arrived in the mail. The stamp itself stated that it was temporary evidence of lawful admission for permanent residence valid for one year. If the actual Green Card was not received within one year, the stamp would expire and the alien would need to have a new stamp placed in

his/her passport. Once received, the Alien Registration Receipt Card, or "Green Card," was valid for an additional ten year period.

(f) The approval and issuance of specific Immigration benefits, such as Alien Registration Receipt Cards or "Green Cards" (Lawful Permanent Resident status), naturalization, and visas were not within the scope of a Deportation Officer's authority. Therefore, Deportation Officers, including defendant THOMAS P. RANDELL, were not issued, and did not have a legitimate reason to possess or use stamps or other instrumentalities, including the ADIT stamp, which were used to convey such benefits.

(g) To facilitate their duties, Deportation Officers were granted access to The Enforcement Communication System (TECS), the principal DHS law enforcement information system. Among other things, TECS could be used to access the National Crime Information Center (NCIC) and the National Law Enforcement Telecommunications System (NLETS), and obtain sensitive law enforcement data such as criminal history and wanted person information. Accessing these databases was permitted only when necessary in the performance of official duties. Unauthorized use of these databases was prohibited by law.

2. On or about June 9, 2003, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

THOMAS P. RANDELL,

defendant herein, did knowingly and without lawful authority produce a false identification document, namely, by affixing without lawful authority an ADIT temporary alien registration stamp to a Hungarian Passport in the name of Individual C;

In violation of Title 18, United States Code, Section 1028(a)(1).

## COUNT FIVE

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1. Paragraph 1 of Count Four of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2. On or about June 9, 2003, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

THOMAS P. RANDELL,

defendant herein, did knowingly transfer a false identification document, namely, a Hungarian Passport in the name of Individual C with a fraudulently affixed ADIT temporary alien registration stamp, to Individual C, knowing that such document was produced without lawful authority;

In violation of Title 18, United States Code, Section 1028(a)(2).

## **COUNT SIX**

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1. Paragraph 1 of Count Four of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2. On or about June 8, 2005, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

THOMAS P. RANDELL,

defendant herein, did knowingly and without lawful authority produced a false identification document, namely, by affixing without lawful authority an ADIT temporary alien registration stamp to a Hungarian Passport in the name of Individual C;

In violation of Title 18, United States Code, Section 1028(a)(1).

## COUNT SEVEN

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1. Paragraph 1 of Count Four of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2. On or about June 8, 2005, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

THOMAS P. RANDELL,

defendant herein, did knowingly transfer a false identification document, namely, a Hungarian Passport in the name of Individual C with a fraudulently affixed ADIT temporary alien registration stamp, to Individual C, knowing that such document was produced without lawful authority;

In violation of Title 18, United States Code, Section 1028(a)(2).

## COUNT EIGHT

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1. Paragraph 1 of Count Four of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2. On or about June 8, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

### THOMAS P. RANDELL,

defendant herein, intentionally accessed a computer and exceeded his authorized access, and thereby obtained information from a department or agency of the United States, namely, DHS, specifically, by accessing a DHS computer system known as The Enforcement Communication System or "TECS" to review Individual A's criminal history in the National Crime Information Center (NCIC);

In violation of Title 18, United States Code, Section 1030(a)(2)(B).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY